IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

VIDANGEL LLC,

    Plaintiff,

v.

CLEARPLAY INC., and DOES 1-10,

    Defendants.

No. C 13-5989 SI

**ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER VENUE AND TRANSFERRING ACTION TO THE DISTRICT OF UTAH**

Defendant's motion to dismiss or to transfer venue to the District of Utah is scheduled for a hearing on March 14, 2014.[1] Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument, and VACATES the hearing scheduled for March 14, 2014. For the reasons set forth below, the Court GRANTS defendant's motion to transfer venue and TRANSFERS this action to the District of Utah.

**BACKGROUND**

On December 30, 2013, plaintiff VidAngel LLC ("VidAngel") filed a complaint against ClearPlay Inc. ("ClearPlay") and Does 1-10. The complaint seeks a declaration that VidAngel is not infringing seven patents owned by ClearPlay, as well as a declaration that those patents are invalid. VidAngel is a Utah limited liability corporation with its principal place of business in Provo, Utah, and it "provides products and services related to a cloud-based software solution for filtering streaming

---

[1] Defendant has also filed a consolidated motion for a temporary restraining order and preliminary injunction. In light of the Court's transfer of this case to the District of Utah, the Court does not rule on the motion for a temporary restraining order.

video." Compl. ¶ 3. ClearPlay is a Delaware corporation with its principal place of business in Salt Lake City, Utah. *Id*. ¶ 4; Jarman Decl. ¶ 3 (Docket No. 21-2). According to ClearPlay's CEO, Matthew Jarman, ClearPlay's products "enable parents to control content within their home by selectively filtering inappropriate material, such as violence, profanity, nudity, and the like, from an audiovisual presentation (e.g., movies) during the viewing process." Jarman Decl. ¶ 5 (Docket No. 29-2). On February 7, 2014, ClearPlay filed an answer and counterclaim against VidAngel and two managers of VidAngel, Jeffrey Harmon and Neal Harmon, alleging infringement of six of the patents identified in the complaint. The Harmon defendants reside in Utah. Counterclaim ¶¶ 3-4.

The complaint alleges that "[b]ased on VidAngel's anticipated launch of its filtering software for streaming video, ClearPlay has alleged infringement of [the patents-in-suit] and told VidAngel that it intends to 'stop' VidAngel's commercial activities." Compl. ¶ 1. The complaint alleges that in November 2013, ClearPlay's counsel wrote to VidAngel requesting a meeting to "discuss potential collaboration" with VidAngel regarding technology for filtering out undesirable content from movies. *Id*. ¶¶ 21-22 & Ex. H. The letter identified VidAngel's software product and launch date, and stated that "[ClearPlay] understands that [VidAngel] intends to launch a browser app plugin that would filter out undesirable content on streaming video (Google Play, YouTube, etc.)." *Id*. The letter was sent from ClearPlay's counsel's office in Salt Lake City, Utah to VidAngel's offices in Provo, Utah. *Id*. On December 21, 2013, Jarman met with the Harmons at VidAngel's offices in Lehi, Utah, to discuss potential collaboration between ClearPlay and VidAngel. Jarman Decl. ¶ 8 (Docket No. 21-2); Compl. ¶ 23. On December 23, 2013, ClearPlay informed VidAngel that it would not license its intellectual property to VidAngel. Compl. ¶ 24. The complaint in this action was filed on December 30, 2013. According to ClearPlay's motion for a temporary restraining order, on January 17, 2014, VidAngel launched its products on its website. Docket No. 29 at 7. ClearPlay alleges that VidAngel's products directly compete with ClearPlay's online streaming products. *Id*.

On February 7, 2013, ClearPlay filed a motion to transfer venue to the District of Utah. ClearPlay's CEO Jarman has filed a declaration stating that all of the inventors of the patents-in-suit reside in Utah, and that he is "presently unaware of any factual witness who could likely be called in this matter [who] does not reside in the State of Utah." Jarman Decl. ¶¶ 6-7 (Docket No. 21-2).

2

ClearPlay notes that all of the parties, including the Harmons, are located in Utah, and that all but one of VidAngel's managers and/or members are located in Utah (with one member located in Southern Idaho). Docket No. 21-4. ClearPlay has also identified Jarom McDonald as a witness. Mr. McDonald is an associate research professor at Brigham Young University in Provo, Utah, and he filed a declaration on behalf of VidAngel in opposition to ClearPlay's motion for a temporary restraining order. Mr. McDonald states that he developed the client-side source code for VidAngel's online streaming video customization platform. Docket No. 34-4. ClearPlay has also submitted a copy of VidAngel's November 27, 2013 Terms of Service, which states that VidAngel's customer service department is located in Provo, Utah, and provides that disputes between VidAngel and its customers are subject to arbitration or small claims court in Provo, Utah, and governed by Utah law. Docket No. 21-3 ¶¶ 8.1, 8.2.

**LEGAL STANDARD**

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil matter to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The purpose of § 1404(a) is to "prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal citations and quotation omitted). A motion for transfer lies within the broad discretion of the district court, and must be determined on an individualized basis. *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000).

To support a motion for transfer, the moving party must establish: "(1) that venue is proper in the transferor district; (2) that the transferee district is one where the action might have been brought; and (3) that the transfer will serve the convenience of the parties and witnesses and will promote the interest of justice." *Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp.*, 820 F. Supp. 503, 506 (C.D. Cal. 1992).

Courts evaluate the following factors to determine which venue is more convenient to the parties and the witnesses: (1) plaintiff's choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6)

United States District Court
For the Northern District of California

feasibility of consolidation with other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum. *See Williams v. Bowman*, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001); *see also Jones v. GNC Franchising Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000). The Court has broad discretion to address these factors based on the particular facts of each case. *E. & J. Gallo Winery v. F. & P. S.p.A.*, 899 F. Supp. 465, 466 (E.D. Cal. 1994).

**DISCUSSION**

ClearPlay has filed a motion pursuant to 28 U.S.C. § 1404(a) to have this case transferred to the District of Utah. ClearPlay argues that Utah is a more convenient district for this litigation because the parties and relevant witnesses are located in Utah and all of the facts giving rise to this dispute occurred in Utah. ClearPlay argues that the Northern District has little to no connection to this case, and that it would be inconvenient for the parties to litigate this case from their headquarters in Utah.

The Court agrees. As an initial matter, the Court finds that this case could have been filed in the District of Utah. The governing venue statute for patent infringement actions provides that venue is proper "in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b) (2013). A defendant is deemed to reside "in any judicial district in which [it] is subject to the court's personal jurisdiction." 28 U.S.C. § 1391(c); *VE Holding Corp.*, 917 F.2d at 1583. VidAngel does not dispute that this case could have been brought in Utah.

The Court also finds that Utah is significantly more convenient for the parties and the witnesses. The record shows that the parties, their employees,[2] and corporate documents are located in Utah. In addition, all of the inventors of the patents-in-suit reside in Utah, the developer of VidAngel's source code lives in Utah, and Mr. Jarman states that he is "presently unaware of any factual witness who could likely be called in this matter [who] does not reside in the State of Utah." Jarman Decl. ¶¶ 6-7 (Docket

---

[2] Mr. Harmon states that VidAngel is "currently recruiting an engineer from the San Francisco area to lead its technology strategy – this engineer is expected to join shortly and will be based in San Francisco." Harmon Decl. ¶ 9. However, as ClearPlay notes, this unidentified engineer has yet to be hired, and in any event, VidAngel does not state what information this engineer would have that is relevant to the claims or defenses in this case.

No. 21-2). In contrast, VidAngel has not identified any specific witnesses who may have relevant information and who are in the Northern District. VidAngel's CEO, Neal Harmon, filed a declaration stating, *inter alia*, that "VidAngel has substantial business contacts with companies in the Northern District of California," including its "mobile solutions provider for cross-platform development," two venture capital companies, its "remarketing advertising provider," its "payment gateway provider," and its current streaming content and TV technology providers. Harmon Decl. ¶ 6. However, Mr. Harmon does not identify any specific individuals from these companies who may have information relevant to the parties' claims or defenses. *See Williams*, 157 F. Supp. 2d at 1108 ("Absent a more specific showing that particular witnesses will be necessary at trial, the court cannot consider the convenience of these unnamed witnesses."). Mr. Harmon also states that VidAngel's software code database is hosted by a company based in San Francisco. *Id.* However, as ClearPlay notes, VidAngel's counsel confirmed that VidAngel's software code can be viewed anywhere, and thus the location of VidAngel's software code database is irrelevant to the § 1404(a) analysis. Docket No. 31-1. Moreover, the fact that VidAngel requires all disputes between itself and its customers to be arbitrated or litigated in Provo, Utah strongly indicates that VidAngel generally finds Utah to be a convenient forum for disputes arising from its business.

Plaintiff argues that the Court should not disturb its choice of forum. There is ordinarily a strong presumption in favor of a plaintiff's choice of forum. *Piper Aircraft Co v. Reyno*, 454 U.S. 235, 265-66 (1981). However, where a plaintiff does not reside in the forum, the Court may afford plaintiff's choice considerably less weight. *See* Schwarzer et al., *Federal Civil Procedure Before Trial* § 4:761 (2013) (citing *In re Apple, Inc.*, 602 F.3d 909, 913 (8th Cir. 2010); *Piper Aircraft*, 454 U.S. at 236)); *see also Matt v. Baxter Healthcare Corp.*, 74 F. Supp. 2d 467, 470 (E.D. Pa. 1999) ("A locale that is not the home of the plaintiff and where few of the operative facts occurred is entitled to less weight"). In addition, VidAngel does not dispute that the facts giving rise to this dispute occurred in Utah. Indeed, VidAngel does not allege that *any* of the operative facts took place in the Northern District of California. Accordingly, the Court finds that plaintiff's choice of forum is entitled to significantly less weight in the transfer analysis.

The other factors the Court considers when deciding a motion to transfer include the familiarity

of each forum with the applicable law, the feasibility of consolidation with other claims, any local interest in the controversy, and the relative court congestion and time of trial in each forum. The parties agree that these factors are neutral in the transfer analysis, with the exception of the local interest in the controversy. ClearPlay argues that the Northern District has no interest in this controversy because the parties are from Utah and the operative facts occurred in Utah, while VidAngel argues that the Northern District has a significant local interest due to "VidAngel's extensive business dealings in the Northern District." Docket No. 26 at 9. The Court agrees with ClearPlay that the local interest in this controversy is much stronger in Utah, where the parties have their headquarters and where the facts giving rise to the complaint occurred.

## CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's motion to transfer venue and hereby TRANSFERS this action to the District of Utah. Docket No. 21. The Court GRANTS defendant's motions to file overlarge briefs. Docket Nos. 27 and 37. The Court transfers ClearPlay's consolidated motion for a temporary restraining order and preliminary injunction to be considered by the transferee court in the first instance.

**IT IS SO ORDERED.**

Dated: March 4, 2014

SUSAN ILLSTON
United States District Judge