IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| VIDANGEL LLC,<br><br>    Plaintiff and Counterclaim Defendant,<br><br>v.<br><br>CLEARPLAY INC. and DOES 1 through 10,<br><br>    Defendant and Counterclaim Plaintiff. | MEMORANDUM DECISION AND ORDER GRANTING MOTION TO STAY AND DENYING MOTION FOR SCHEDULING ORDER<br><br>Case No. 2:14-cv-160 DN<br><br>District Judge David Nuffer<br><br>Magistrate Judge Brooke Wells |

Pending before the court are two interrelated motions. Defendant and Counterclaim Plaintiff Clearplay Inc. seeks to stay this case[1] in light of the preliminary injunction[2] issued against Plaintiff and Counterclaim Defendant VidAngel LLC in the Central District of California (Studio Litigation).[3] VidAngel argues against the stay and moves the court to enter a scheduling order.[4] The court heard argument on the competing motions March 31, 2017. At the conclusion of the hearing the court found Clearplay had met its burden with respect to factors two and three of the test for granting a stay. As set forth below the court further finds that the first factor also weighs in favor of granting a stay. The court therefore will grant the Motion to Stay and will deny the Motion for Scheduling Order.

This case was filed in December 2013 in the Northern District of California and was transferred to this district in March 2014. Later that year in October 2014, VidAngel moved to stay this case pending resolution of the inter partes review (IPR) proceedings concerning many

---

[1] Docket no. 148.

[2] *Disney Enterprises, Inc. v. VidAngel, Inc*., 2016 WL 8292206 (C.D. Cal. Dec. 12, 2016).

[3] *See Disney Enterprises, Inc. et al. v. VidAngel, LLC*, Case no. 2:16-cv-4109 AB-PLA.

[4] Docket no. 151.

of the patents at issue in this case.[5]  Clearplay opposed the stay.[6]  Ultimately the court granted VidAngel's motion and this case was stayed in February 2015.[7]

The IPR proceedings concluded in late 2016 and after hearing from the parties the court lifted the stay on October 31, 2016.  Now in an interesting turn of events the parties have switched their former positions – Clearplay seeks a stay while VidAngel opposes a stay.

Whether to grant a motion to stay is within the discretion of the court.[8]  In deciding whether to grant a stay the court considers the following factors: (1) whether granting a stay will simplify the issues before the court; (2) the stage of the litigation; and (3) a balance of prejudice to the parties.[9]

The first factor, whether granting a stay will simplify the issues before the court, weighs in favor of a stay.  The parties will need to shortly engage in the claim construction process.  The Studio Litigation, although about copyrights, impacts this case because VidAngel's filtering services are at issue in the Studio Litigation and as of the date of this decision are no longer available to the public in the same form they were previously.  Those filtering services are a large part of the patent litigation in this case.  Thus a stay will allow issues in the Studio Litigation to be resolved, which will impact the claim construction process here.  Engaging in claim construction now while the status of VidAngel's filtering services continues to evolve "would be a needless waste of the court's and the parties' resources."[10]

---

[5] Docket no. 107.

[6] Docket no. 109.

[7] Order Granting Motion to Stay signed February 17, 2015, docket no. 131.

[8] *See Quest Software Inc. v. Centrify Corp.*, 2:10–cv–859 TS, 2011 WL 1085789 (D.Utah Mar.21, 2011); *C.R. Bard, Inc. v. Angiodynamics, Inc.*, Case No. 2:12–cv–35 RJS, 2012 WL 4867406 (D.Utah Oct. 12, 2012).

[9] *See id.*

[10] *Lifetime Prod., Inc. v. Russell Brands, LLC*, No. 1:12-CV-26 DN, 2013 WL 5408458, at *2 (D. Utah Sept. 25, 2013).

Second, the stage of the litigation, favors a stay.  Although this case was filed at the end of 2013 there has been relatively little discovery due in part to the prior stay to complete the IPR proceedings.  Only recently did VidAngel serve its first requests for discovery with responses being due in early April.  Thus from a substantive work standpoint this case is still in its infancy.

Finally, "when balancing the potential prejudice to the parties, the court continues to be mindful of the remaining life of each of the Patents and the potential prejudice that [VidAngel] may suffer as a result of a stay."[11]  Here, if the case is not stayed, both the parties and the court will suffer prejudice from engaging in claim construction while VidAngel's filtering technology's fate is still yet undetermined.  Previously VidAngel asked for a stay to save costs.  Now it appears based on the record and the ongoing Studio Litigation that the same principle applies.  A minimal delay to ascertain the fate of VidAngel's filtering service will result in cost savings to the parties and not severely hamper VidAngel's business going forward.

The court, however, at this time does not stay this case for the remaining time of the Studio Litigation.  Rather, the case will be stayed until the Ninth Circuit renders an opinion on the preliminary injunction.  Once that decision is rendered the parties are to contact the court to determine whether a further stay will be necessary.

## ORDER

Based upon the foregoing it is hereby ORDERED that Clearplay's Motion to Stay is GRANTED until a decision is rendered on the preliminary injunction by the Ninth Circuit.

IT IS FURTHER ORDERED that VidAngel's Motion for Scheduling Order is DENIED.

---

[11] *Id.* at *3.

DATED this 31 March 2017.

_____
Brooke C. Wells
United States Magistrate Judge

4