IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| VIDANGEL LLC,<br><br>         Plaintiff and Counterclaim Defendant,<br><br>v.<br><br>CLEARPLAY INC. and Does 1 through 10,<br><br>         Defendant and Counterclaim Plaintiff. | MEMORANDUM DECISION AND ORDER ENTERING A STAY OF THIS CASE<br><br>Case No. 2:14-cv-160 DN<br><br>District Judge David Nuffer<br><br>Magistrate Judge Brooke Wells |

Pending before the court are the parties' Stipulated Motion for Scheduling Order or Status Conference[1] and VidAngel's Motion to Compel Discovery Responses.[2] On October 12, 2017, the court heard arguments from the parties about the status of the case and whether continuing the stay would be appropriate. Having heard argument and after considering the written memoranda, the court finds that a continued stay is warranted. Thus, the court will deny without prejudice the Motion to Compel Discovery and grants the stipulated motion because of the status conference held on October 12th.

Briefly, this case ensued in December 2013 in the Northern District of California and was transferred to this district in March 2014. Approximately seven months later in October 2014 VidAngel moved to stay this case over the objections of Clearplay. The court granted VidAngel's motion and the case was stayed in February 2015 pending resolution of the inter partes review (IPR) proceedings.[3] The IPR proceedings concluded in late 2016 and after hearing

---

[1] Docket no. 163.

[2] Docket no. 165.

[3] Docket no. 131.

from the parties the court lifted the stay on October 31, 2016.[4] On March 31, 2017, the court entered a second stay this time granting Clearplay's motion to stay which VidAngel opposed.[5]

In the March 31st order the court stated:

> The court, however, at this time does not stay this case for the remaining time of the Studio Litigation. Rather, the case will be stayed until the Ninth Circuit renders an opinion on the preliminary injunction. Once that decision is rendered the parties are to contact the court to determine whether a further stay will be necessary.[6]

The Ninth Circuit entered a decision on the preliminary injunction on August 24, 2017.[7]

At the hearing held on October 12, 2017, Clearplay asserted that the court must first consider the stay before turning to any other issues in this case, including whether discovery should commence in accordance to VidAngel's request. The court agrees with Clearplay's assertions and notes that first determining "whether a further stay will be necessary"[8] is appropriate given the circumstances in this case and the court's prior order. Unlike in March, however, there is no active motion to stay filed by Clearplay. But based upon the court's prior order and Clearplay's request during the hearing, the court will construe Clearplay's request as an oral motion to enter a further stay of proceedings.

As noted in its prior order, whether to grant a motion to stay is within the discretion of the court.[9] In deciding whether to grant a stay the court considers the following factors: (1) whether granting a stay will simplify the issues before the court; (2) the stage of the litigation;

---

[4] Docket no. 135.

[5] Docket no. 159.

[6] Memorandum decision and order granting motion to stay p. 3, docket no. 159.

[7] Stipulated motion p. 2, docket no. 163.

[8] Memorandum decision and order granting motion to stay, docket no. 159.

[9] *See* Quest Software Inc. v. Centrify Corp., 2:10–cv–859 TS, 2011 WL 1085789 (D.Utah Mar.21, 2011); C.R. Bard, Inc. v. Angiodynamics, Inc., Case No. 2:12–cv–35 RJS, 2012 WL 4867406 (D.Utah Oct. 12, 2012).

and (3) a balance of prejudice to the parties.[10]  Here, the court finds there is not much change in the circumstance in this case from its March 31st order and the factors still weigh in favor of a stay.

First, the Studio Litigation will assist in resolving the issues in this case and may moot many of them depending on the outcome of that litigation.  During oral argument VidAngel asserted that lifting the stay may allow this case to catch up to another matter in this district that involves some of the same patents – *Clearplay Inc. v. Dish Network LLC et al*. case no. 2:14-cv-191 DN.[11]  Not only does this seem highly unlikely given the schedule in the *Dish Network* case, but the resolution of claims in that case may actually provide simplification of the issues in this matter.[12]  Thus, allowing the *Dish Network* case to progress toward resolution while this matter remains stayed further supports the first factor for a stay.

Next, there has been little substantive work done in this case and that fact has not changed since entering the March 31st order.  Thus the second factor supports a stay.

Finally, the balance of prejudice also supports a stay.  Engaging in litigation that has a high likelihood of becoming moot or much simpler by the resolution of the Studio Litigation and the *Dish Network* case is a waste of the parties and judicial resources.  "[W]hen balancing the potential prejudice to the parties, the court continues to be mindful of the remaining life of each of the Patents and the potential prejudice that [VidAngel] may suffer as a result of a stay."[13]  Clearplay, the owner of the patents at issue in this case, seeks the stay so the remaining life of the

---

[10] *See id.*

[11] Clearplay is the owner of patents: 6,898,799; 7,526,784; 7,543,318; 7,577,970; and 8,117,282.  Each of these patents is at issue in this case and the *Dish Network* case.

[12] According to the scheduling order in the *Dish Network* matter fact discovery concludes on November 20, 2017, motions for claim construction are due November 27, 2017 and the joint claim construction chart is due January 4, 2018.

[13] *Lifetime Prod., Inc. v. Russell Brands, LLC,* No. 1:12-CV-26 DN, 2013 WL 5408458, at *3 (D. Utah Sept. 25, 2013).

patents is not concerning to the court's decision. The prejudice to VidAngel is largely outstanding litigation with an unknown outcome. That prejudice does not outweigh the benefits of entering a continued stay.

## CONCLUSION AND ORDER

Based upon the foregoing the court GRANTS Clearplay's oral Motion for Stay. Based upon this stay, it is further ORDERED that VidAngel's Motion to Compel Discovery Responses[14] is DENIED WITHOUT PREJUDICE. The parties' Stipulated Motion for Scheduling Order or Status Conference[15] is GRANTED.

IT IS SO ORDERED.

DATED this 12 October 2017.

Brooke C. Wells
United States Magistrate Judge

---

[14] Docket no. 165.

[15] Docket no. 163.