Case: 2:20−cv−00877
Assigned To : Parrish, Jill N.
Assign. Date : 12/14/2020
Description: Clearplay v VidAngel

Ralph R. Mabey (#2036)
Ryan C. Cadwallader (#13661)
**KIRTON McCONKIE**
36 E. State Street, Suite 1900
Salt Lake City, UT 84111
Telephone: 801-328-3600
Facsimile: 801-212-2013
Email: rmabey@kmclaw.com
        rcadwallader@kmclaw.com

*Counsel for ClearPlay, Inc.*

## IN THE UNITED STATES BANKRUPTCY COURT

## DISTRICT OF UTAH

| | |
|---|---|
| In re:<br><br>VIDANGEL, INC.<br><br>Debtor.<br><br>---<br><br>VIDANGEL, INC.,<br><br>Plaintiff,<br><br>v.<br><br>CLEARPLAY, INC.<br><br>Defendant. | **JOINT MOTION TO WITHDRAW REFERENCE PURSUANT TO 28 U.S.C. § 157(d)**<br><br>Bankruptcy Case No. 17-29073 KRA<br><br>Chapter 11<br><br>Adversary Proceeding No. 20-02102 |

Pursuant to 28 U.S.C. § 157(d), Rule 5011 of the Federal Rules of Bankruptcy Procedure,

and  DUCivR 83-7.4, Defendant ClearPlay, Inc. ("ClearPlay") and Plaintiff VidAngel, Inc.

("VidAngel") (collectively the "Parties"), hereby move the Court to withdraw reference of the

pending adversary proceeding (No. 20-02102) (the "Adversary Proceeding").

## JURISDICTION AND VENUE

1.      The court has jurisdiction over the Adversary Proceeding pursuant to 28 U.S.C. § 1334(a) & (b) and 28 U.S.C. § 157(a).

2.      Venue is appropriate in this District under 28 U.S.C. § 1408 & 1409.

## FACTUAL BACKGROUND

**A.  The Patent Litigation.**

3.      On December 20, 2013, VidAngel filed a complaint in the Northern District of California (Case No. 3:13-cv-05989) (the "California Litigation") seeking declaratory judgments that claims of certain patents believed to be owned by ClearPlay were invalid and not infringed by VidAngel's then technology.[1]

4.      ClearPlay counter claimed and asserted that VidAngel infringed certain claims of several patents, including claims 1 through 23 of U.S. Patent No. 6,889,383 ("the '383 Patent"); claims 1 through 28 of U.S. Patent No. 6,898,799 ("the '799 Patent"); claims 1 through 3, 6 through 8, 13 through 19, 21 through 23, and 29 of U.S. Patent No. 7,543,318 ("the '318 Patent"); claims 1, 2, 4 through 10, 12 through 15, 17 through 26, 35 through 38, and 41 through 43 of U.S. Patent No. 7,577,970 ("the '970 Patent"); claims 1 and 2 of U.S. Patent No. 7,975,021 ("the '021 Patent"); and claims 4, 6 through 13, 18, 19, and 25 of U.S. Patent U.S. Patent No. 8,117,282 ("the '282 Patent") (collectively, the "Asserted Patents").[2]

---

[1] *See* Complaint filed in Utah Federal District Case No. 14-cv-00160 (Dkt. No. 1).
[2] *See* Amended Answer and Counterclaim in Case No. 14-cv-00160 (Dkt. Nos. 92 & 99).

4820-0688-0724

5.      In addition to Clearplay's claims against VidAngel, it also filed third-party claims against two principals of VidAngel, Jeffrey Harmon and Neal Harmon (collectively the "Harmons").[3]

6.      The California Litigation was subsequently transferred to the United States District Court for the District of Utah on March 5, 2014 as Case No. 2:14-cv-00160 (collectively with the California Litigation as the "2014 Litigation").[4]

**B. VidAngel Bankruptcy & ClearPlay Claim.**

7.      On October 18, 2017, VidAngel filed a voluntary bankruptcy petition under Chapter 11 of the Bankruptcy Code, which commenced the bankruptcy case identified as Case No. 17-29073 (the "Chapter 11 Case") pending before the United States Bankruptcy Court for the District of Utah (the "Bankruptcy Court").

8.      ClearPlay filed Claim No. 12-1 ("Claim") with the Bankruptcy Court on February 14, 2018, asserting a general unsecured claim in an "unliquidated" amount.

9.      The Claim was based upon patent infringement claims in the 2014 Litigation.

10.     The filing of the Chapter 11 Case stayed the 2014 Litigation under the automatic stay provisions of 11 U.S.C. § 362.

11.     On April 14, 2020, VidAngel objected to the Claim in the Chapter 11 Case.[5]

12.     The Bankruptcy Court entered the Order Confirming Joint Plan of Reorganization on September 4, 2020.[6]

---

[3] *See Id.*
[4] *Id*. at Dkt. No. 42.
[5] *See* Dkt. No. 614 in the Case.
[6] See Dkt. No. 860 in the Case.

3

4820-0688-0724

13.     On October 21, 2020, the Bankruptcy Court entered an Order (the "Order") granting the Parties' Joint Motion to Convert Trustee's Objection to Proof of Claim filed by ClearPlay, Inc. to an Adversary Proceeding (the "Adversary Proceeding").[7] The Order established certain Conversion Procedures and deemed the Trustee's claim objection as a complaint (the "Complaint"), allowing ClearPlay to file a responsive pleading within 30 days from the entry of the Order.[8]

14.     On November 17, 2020, the Bankruptcy Court entered an order on the Trustee's Motion for Entry of Final Decree and Discharge of Trustee ("Final Decree"), that, in relevant part, (i) discharged and released the Trustee from his duties and obligations to the Bankruptcy Court and (ii) authorized VidAngel, Inc. (as the Reorganized Debtor) to continue the prosecution of the Adversary Proceeding.[9]

15.     On November 20, 2020, the Bankruptcy Court approved the Parties' Joint Motion to Extend the Time for ClearPlay to respond to the complaint in the Adversary Proceeding from November 20, 2020 to December 21, 2020.[10]

16.     The Parties agree that any liability on the Claim will be decided in the Adversary Proceeding, which will be consolidated with the 2014 Litigation.

---

[7] *See* Dkt. No. 904 in the Case.
[8] *Id.*
[9] *See* Dkt. No. 945 at p. 4 in the Bankruptcy Case.
[10] *See* Dkt. No. 4 in the Adversary Proceeding.

**C. Status of the 2014 Litigation.**

17.    On November 18, 2017 a Notice of VidAngel's bankruptcy case was filed in the 2014 Litigation.[11]

18.    On May 1, 2020, the District Court in the 2014 Litigation issued a Status Report Order "that within 60 days after completion of the bankruptcy proceedings . . . the parties are to meet and confer and prepare a status report indicating whether the stay in this case should be lifted and what issues remain to be decided." *See* Docket No. 174 in the 2014 Litigation.

## CERTIFICATION OF THE MOTION

19.    Under DUCiv 83-7.4(b), the Parties certify that withdraw of the reference is mandatory under 28 U.S.C. § 157(d) because resolution of the proceedings requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce or is appropriate because cause exists under 28 U.S.C. § 157(d).

## GROUNDS FOR WITHDRAW OF REFERENCE

Because the Complaint on its face and in substance alleges claims which will require consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce, the Parties, have moved for withdraw of the reference of this Adversary Proceeding.  United States District Courts have original subject matter jurisdiction of all Bankruptcy Code cases pursuant to 28 U.S.C. § 1334(a).  District Court jurisdiction extends to all civil proceedings "arising under" and "arising in or related to" cases.  28 U.S.C. § 157(a)

---

[11] *See* Dkt. No. 170 in the 2014 Litigation.

4820-0688-0724

grants the district court authority to refer all bankruptcy cases, as well as proceedings arising under, arising in, or related to a case under Title 11 of the Bankruptcy Code to the bankruptcy court.

Since the District Court has original jurisdiction over all bankruptcy cases, it also has the following power and duty under 28 U.S.C. § 157(d):

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.[12]

The withdraw of the bankruptcy reference under this section may be permitted on permissive or mandatory grounds.[13] . Regardless of the grounds, the motion to withdraw the reference must be timely.[14] Under the Utah District Court's local rules, a party seeking to withdraw the reference in an adversary proceeding "must file a Withdrawal Motion within twenty-one (21) days after entering an appearance in the adversary proceeding."[15] In this case, the Motion is timely because ClearPlay, did not enter an appearance in the Adversary Proceeding until November 20, 2020.

## I. WITHDRAW OF THE REFERENCE IS MANDATORY.

Withdraw of the reference is mandatory where an action requires consideration of both bankruptcy law and nonbankruptcy federal law affecting interstate commerce.[16] Furthermore, a proceeding is subject to withdraw in both core and noncore proceedings.[17]

---

[12] 28 U.S.C. § 157(d).
[13] *Weekes v. Hazlett*, No. 2:18-cv-298-RJS, 2018 WL 3336659, at *1 (D. Utah July 6, 2018).
[14] *Id.*
[15] *Id.* (citing DUCivR 83-734(c)(2).
[16] *See* 28 U.S.C. § 157(d) and DUCivR 83-7.4(b)(2).
[17] *In re White Motor Corp.*, 42 B.R. 693, 702-03 (N.D. Ohio 1984). According to Norton Bankruptcy Law and Practice § 8.2 (3d ed. 2020), *White Motor Corp* is the principle case interpreting Section 157(d).

There are three conditions that make withdrawal mandatory. First, the person seeking withdrawal must be a party to the proceeding. Second, the motion to withdraw the reference must be timely filed. And third, resolution of the proceeding must require consideration of both the Bankruptcy Code and of nonbankruptcy federal statutes regulating interstate commerce.[18]

In this case, the first requirement, that the movant be a party to the proceeding, is fulfilled because both Parties are named in the Adversary Proceeding. The second requirement of timeliness is fulfilled as described earlier in this motion. Given that the Parties' Motion to Withdraw Reference was also filed shortly after the claim objection was converted to the Adversary Proceeding, the Motion is timely.

The third requirement is that resolution of the proceeding require consideration of both bankruptcy law and nonbankruptcy federal laws regulating interstate commerce. In interpreting 28 U.S.C § 157(d), courts have required that the nonbankruptcy federal law be a "substantial and material consideration" in the resolution of the proceeding.[19] Furthermore, the nonbankruptcy federal statute must be necessary for the resolution of the proceeding and not simply a consideration in the proceeding.[20]

Here, the resolution of the Parties' patent infringement claims raised in the Adversary Proceeding (which are the same from the 2014 Litigation) will require substantial and material consideration of non-bankruptcy federal law, including Title 35 of the United States Code.[21]

---

[18] *In re Baldwin-United Corp.*, 57 B.R. 751, 753 (S.D. Ohio 1985).
[19] *Baldwin*, 57 B.R. at 757; *Michigan Milk Producers Ass'n v. Hunter*, 46 B.R. 214, 216 (N.D. Ohio 1985).
[20] *Michigan Milk*, 46 B.R. at 216.
[21] *See In re National Gypsum Co.*, 145 B.R. 539, 542 (N.D. Tex. 1992) (withdraw of reference mandatory because patent infringement litigation complex area of nonbankruptcy federal law). Other cases granting mandatory

4820-0688-0724

VidAngel, for example, requested relief in the form of a declaratory judgment that the claims of certain patents believed to be owned by ClearPlay were invalid and not infringed by VidAngel's then technology. Similarly, ClearPlay filed claims against VidAngel and the Harmons based on infringement of the Asserted Patents. For these reasons, withdraw of the reference is mandatory.

## II.  THERE IS CAUSE FOR PERMISSIVE WITHDRAW.

Even if withdraw of reference is not mandatory, the Parties can establish that cause exists to allow for permissive withdraw. To determine whether a movant has shown cause to withdraw, the court can consider several factors, including (i) whether the claim is core or non-core; (ii) judicial economy; (iii) the extent of the bankruptcy court's familiarity with the matter; (iv) uniformity and efficiency of bankruptcy administration; (v) prevention of forum shopping; (vi) conservation of debtor and creditor resources; and (vii) whether the parties have requested a jury trial.[22]

These factors weigh in favor of withdrawing the reference. First, the claims in the Adversary Proceeding are both core and non-core. The claims allowance or disallowance process itself is a core proceeding in bankruptcy. [23] VidAngel objected to ClearPlay's Claim, which triggered this process. Nonetheless, analysis of the substantive non-core federal patent law claims

---

withdraw of reference involving federal law, include *Lifemark Hosps. Of La., Inc. v. Liljeberg Enteres., Inc.*, 161 B.R. 21, 24 (E.D. La. 1993) (withdrawing reference for determination of antitrust claims); *In re Johns-Manville Corp.*, 63 B.R. 600, 603 (S.D.N.Y. 1986) (withdrawing reference involving issues with CERCLA); and *In re White Motor Corp.*, 42 B.R. 693, 704 (N.D. Ohio 1984) (ERISA).

[22] S*ee UD Dissolution Corp.* v. Sphere 3D Corp. (In re: UD Dissolution Corp.), No. 2:15-cv-903-TC, 2016 WL 2903224, at * 3 (D. Utah May 18, 2006) (citing *Miller v. Enviro Care, Inc.* (*In re Rock Structures Excavating, Inc.*), No. 12-CV-856-TS, 2013 WL 1284969, at *2 (D. Utah, Mar. 27, 2013)).

[23] *See* 11 U.S.C. § 157(b)(2)(B).

8

raised by the Parties is central. Liability on the claims, in other words, is entirely dependent on the resolution of these non-core issues.

Second, judicial economy weighs in favor of withdraw because the 2014 Litigation was pending with the District Court for approximately three (3) years before the Chapter 11 Case was filed. The District Court has already considered several matters in the 2014 Litigation, including amended pleadings, ClearPlay's motion for a temporary restraining order, and a motion to compel discovery.

Third, unlike the District Court, the Bankruptcy Court is relatively unfamiliar with the claims in the Adversary Proceeding. The Bankruptcy Court would need considerable time to review numerous documents filed in the 2014 Litigation and become familiar with the Parties' non-bankruptcy patent infringement claims and governing law of Title 35. In these circumstances, as this Bankruptcy Court noted in its Memorandum Decision granting the film studios' motion for relief from stay to continue their prosecution of pending copyright litigation, it is preferable to have the original judicial forum resolve discrete issues of non-bankruptcy law.[24]

Fourth, uniformity and efficiency of bankruptcy administration weigh in favor of withdrawal. The Case is closed and the Reorganized Debtor, VidAngel, is authorized to resolve ClearPlay's Claim. Allowing the 2014 Litigation to continue will allow the District Court and the Parties to pick up the litigation where they left off. The District Court in the 2014 Litigation anticipated the closing of the Case and asked the Parties to meet and confer and prepare a status report indicating whether the stay in the 2014 Litigation should be lifted and what issues remain

---

[24] *See* Dkt. No. 252 in the Case (Memorandum Decision Granting The Studios' Motion for Relief from Stay).

to be decided.  Thus, the District Court is already prepared to return to the 2014 Litigation. The automatic stay is also no longer in effect since VidAngel's chapter 11 plan was confirmed and there is no discharge injunction prohibiting the continuation of ClearPlay's claims against VidAngel.  The Parties agree that continuing the 2014 Litigation will resolve claims between the Parties once and for all.  Uniformity of bankruptcy administration is no longer a meaningful factor because the Case has been closed and the Trustee discharged.  Uniformity of the administration of United States patent laws is furthered by withdrawal to the district court, which generally adjudicates these disputes.

Fifth, prevention of forum shopping is neutralized because both Parties wish to return to the District Court to resolve their claims.

Sixth, conservation of debtor and creditor resources weigh in favor of withdrawal.  There is no longer any need for a bankruptcy procedural overlay on top of this dispute.  The Parties' litigation counsel desire to address the patent issues directly.

Seventh, the Parties request for a jury trial in the 2014 Litigation favors withdraw of reference.  Parties with patent infringement claims are entitled to a jury trial.[25]  Moreover, "courts and commentators have uniformly decided that bankruptcy courts either cannot, or should not, conduct jury trials in noncore proceedings."[26]

---

[25] *See AMF Tuboscope, Inc. v. Cunningham*, <u>352 F.2d 150, 153</u> (10th Cir. 1965) (holding that plaintiff was entitled as of right to a jury trial of the issues of fact respecting validity and infringement of the patents in suit and of damages unless the right is waived).
[26] See Norton Bankruptcy Law and Practice 3d (§ 165:13).

4820-0688-0724

**CONCLUSION**

For these reasons, the Parties request that the Court grant this Motion to Withdraw the Reference and direct that the Bankruptcy Court transfer all pleadings related to the Adversary Proceeding to the Clerk for the District Court.

DATED this <u>11th</u> day of December, 2020

KIRTON McCONKIE

By: <u>*/s/ Ryan C. Cadwallader*</u>
    Ralph R. Mabey
    Ryan C. Cadwallader
    Attorneys for Clearplay, Inc.


STRIS & MAHER LLP

By: <u>*/s/ Elizabeth Brannen (with permission)*</u>
    Elizabeth Brannen
    Attorney for VidAngel, Inc.

4820-0688-0724

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 11th day of December, 2020, a true and correct copy of the foregoing was electronically filed with the United States Bankruptcy Court for the District of Utah CM/ECF filing system and further certifies that the below listed are parties of record in this case, are registered users of CM/ECF, and will be served through the CM/ECF system:

- **George B. Hofmann**    ghofmann@ck.law, dhaney@ck.law;mparks@ck.law
- **George B. Hofmann tr**    trustee@ck.law, dhaney@ck.law;mparks@ck.law;UT16@ecfcbis.com;gbh@trustesolutions.net

By Email:

> Elizabeth Rogers Brannen
> Stris & Maher LLP
> 777 South Figueroa Street, Suite 3850
> Los Angeles, CA 90017
> Elizabeth.brannen@strismaher.com

*/s/ Terri White*_____